```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


OLNSEGUN AYODELE,                :
                                 :   Civil Action No. 10-4480 (PGS)
            Petitioner,          :
                                 :
        v.                       :   OPINION
                                 :
ESSEX COUNTY SUPERIOR            :
COURT,                           :
                                 :
            Respondents.         :
```

**APPEARANCES:**

    **OLNSEGUN AYODELE**, Petitioner pro se
    # 10-0498
    Clinton County Correctional Facility
    P.O. Box 419
    McElhattan, Pennsylvania 17748-0419

**SHERIDAN**, District Judge

This matter is before the Court on the application of petitioner, Olnsegun Ayodele, for a writ of mandamus. Petitioner submitted an insufficient application to proceed in forma pauperis. For the reasons set forth below, however, the petition for a writ of mandamus will be denied for lack of merit.

I. BACKGROUND

Petitioner, Olnsegun Ayodele ("Ayodele"), brings this petition for a writ of mandamus against the Essex County Superior Court, as named in the caption. However, in the body of his petition, Ayodele appears to ask this Court to compel the following federal officials, Paul Hobart of the United States Drug Enforcement Administration ("DEA") and Kelly Anne Kelly of

the United States Probation Department, to relinquish their case file on Ayodele. The following factual allegations are taken from the petition, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of petitioner's allegations.

Ayodele alleges that he was a registered confidential informant with the DEA after his release from prison in 1996. He claims that he gave information to the DEA that led to the arrests and convictions of six drug dealers in Essex County, New Jersey. Because of Ayodele's information, Hobart allegedly testified on Ayodele's behalf at an immigration hearing on February 2, 1996 in Newark, New Jersey, which led to petitioner's release pursuant to a "§ 212(c) waiver." Ayodele contends that he continued to act as a confidential informant after his release.

Ayodele also alleges that his probation officer, Ms. Kelly, was informed of his involvement as a confidential informant for the DEA under Hobart's supervision. Ayodele further alleges that Kelly did not object to petitioner's dealings which involved contact and association with drug dealers and drugs. He claims that he brought a drug dealer from Atlanta to Newark Airport that resulted in an arrest, and to which Kelly did not object to petitioner's participation. Then Ayodele secured a major drug supplier from Pakistan and made preparation to travel to

Pakistan.  He claims that these transactions were known to both Kelly and Hobart and that Hobart had taped conversations.  However, due to some "change in strategy," Ayodele was arrested and charged with dealing with drug dealers in violation of his supervised release.  Hobart and Kelly purportedly abandoned Ayodele and he faces removal from the United States.

   Ayodele claims that he needs these files from Hobart and Kelly to defend himself in the Superior Court of New Jersey, Essex County, before the Honorable Hector DeSoto, J.S.C., as well as his case concerning the violation of supervised release before the Honorable Sterlin Johnson.  He also states that he needs these files in order to file a timely motion to vacate under 28 U.S.C. § 2255.

## II.   ANALYSIS

   Ayodele seeks relief by a petition for a writ of mandamus, pursuant to 28 U.S.C. § 1651.

   The Mandamus Act vests the district court with original jurisdiction over any action in the nature of mandamus to compel an officer or agency of the United States to perform a duty owed to a plaintiff.  See 28 U.S.C. § 1361.  It is well-established that a writ of mandamus is an extraordinary remedy, to be granted only in extraordinary cases.  See Heckler v. Ringer, 466 U.S. 602, 616 (1984); United States v. Olds, 426 F.2d 562, 565 (3d Cir. 1970).  Mandamus relief is appropriate "only when the

plaintiff's claim is clear and certain and the duty of the officer is ministerial and so plainly prescribed as to be free from doubt." Giddings v. Chandler, 979 F.2d 1104, 1108 (5th Cir. 1992).

The Supreme Court has set forth conditions to be established before mandamus relief is granted: (1) that plaintiff has a clear right to have his application adjudicated; (2) that defendants owe a nondiscretionary duty to rule on the application; and (3) that plaintiff has no other adequate remedy. See Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980); Kerr v. United States District Court, 426 U.S. 394, 403 (1976)(party seeking issuance of the writ must "have no other adequate means to attain the relief he desires" and must show that his "right to issuance of the writ is clear and indisputable"); United States v. Ferri, 686 F.2d 147, 152 (3d Cir. 1982), cert. denied, Matthews v. U.S., 459 U.S. 1211 (1983). Even where this burden is met, the court has discretion to deny the writ, "even when technical grounds for mandamus are satisfied." Coombs v. Staff Attorneys, 168 F. Supp.2d 432, 434-35 (E.D. Pa. 2001)(citation omitted).

Here, the Court finds no basis for mandamus relief. First, Ayodele cannot show that the right to the writ is clear and undisputable. He fails to allege that he has made a written request for these records in his criminal or removal proceedings, or even that he has made a request under the Freedom of

4

Information Act ("FOIA"), 5 U.S.C. §§ 552, *et seq.*  FOIA generally provides a judicially-enforceable right to obtain access to federal agency records, except to the extent that such records, or portions thereof, fall within one of nine exceptions. See 5 U.S.C. § 552(a)(3).

Second, Ayodele has not shown that the named federal officials owe a non-discretionary duty to petitioner to release confidential case files concerning criminal investigations. Petitioner is admittedly seeking DEA criminal investigation files that involve him, but also contains confidential information concerning others who may have been targets in the DEA operations in which Ayodele allegedly participated.  Disclosure of such information is not a patently routine or clear cut ministerial function of the DEA or the U.S. Probation Department given the sensitive material involved.  Consequently, Ayodele has not demonstrated that these officers owed him a non-discretionary duty to readily disclose these "case files" upon a mere request by petitioner.

Finally, Ayodele has not demonstrated that he has no other remedy.  An appropriate remedy may be an application to the courts where his criminal or removal cases are pending, or by a FOIA request.  Ayodele does not allege that he has made any such discovery requests in his pending court cases, or a FOIA request, and if he did, whether such requests were denied and the basis

5

for their denial.  He simply alleges that he has requested the files and Hobart and Kelly refuse to provide them[1].

Therefore, Ayodele has failed to show any extraordinary factors that would warrant resort to a petition for a writ of mandamus.  See 28 U.S.C. § 1651.

## **CONCLUSION**

Based upon the foregoing, Ayodele's petition for a writ of mandamus will be denied for lack of merit.  No fees or costs of suit will be assessed.  An appropriate Order accompanies this Opinion.

*s/Peter G. Sheridan*
PETER G. SHERIDAN
United States District Judge

Dated: March 22, 2011

---

[1]   In the event Petitioner has not received the records, or a portion thereof, through appropriate applications as set forth above, the court may reconsider this decision.